UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GEORGE W. CARLISLE, JR., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 4:06CV981 HEA |
| CITY OF ST. PETERS, MISSOURI, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment and for Attorneys' Fees, [Doc. No. 27]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

## Introduction

Plaintiff filed this action against Defendant alleging that Defendant failed to hire him for two different positions, Community Service Representative and Desktop support Technician because of his race, gender and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendant claims that it did not hire Plaintiff because it decided to hire an internal candidate for the Community Service Representative position and because he was not the most qualified for the Desktop Support Technician position.

Defendant has moved for summary judgment on all of Plaintiff's claims. Because Plaintiff cannot overcome his burden of proof required to establish genuine issues of material fact, Defendant's motion will be granted.

**Facts and Background**

The record before the Court establishes the following facts.[1] In July, 2005, Defendant had an opening for a part-time Community Representative position, # 858. It advertised this opening by placing the position on Department bulletin boards, in a binder kept in the City Hall lobby for public review, in local newspapers, and on Defendant's website. Defendant required the following minimum requirements for this position: must be a U.S. citizen or lawfully authorized alien worker; must be a high school graduate or hold a GED, ability to manually balance a cash drawer on a daily basis; type proficiently at 40 words per minute, possess the qualifications to be commissioned as a Notary Public, and proficiently use a 10 key calculator. The desired qualifications for this position were: basic accounting skills; knowledge of City activities, ordinances, and lines of responsibility; knowledge of filing systems and general office procedures; prior

---

[1] In response to Defendant's Statement of Uncontroverted Facts, Plaintiff claims to have insufficient knowledge to admit or deny, and therefore denies certain facts. Plaintiff fails, however to specifically set forth references to the record to establish that these facts are actually in dispute. See Local Rule 7-4.01(E)

office and customer service experience; and possession of a Motor Vehicle Operator's license valid in the State of Missouri.

Plaintiff submitted a cover letter and resume in application for the Community Service Representative position. In addition to Plaintiff's application, Defendant received 140 applications for a total of 141 applications. Three of the applications were received by internal candidates, *i.e.*, persons already employed by Defendant.

Janice Simmons, the selection official for the Community Service Representative position, reviewed the applications received from internal candidates first, in accordance with Defendant's policy of preferring internal candidates. Simmons concluded that the three internal applicants were qualified for the position, and she interviewed one of them after two internal candidates withdrew their applications. Simmons recommended this candidate for the position after this interview based on the candidate's previous experience working in a similar position at the City Rec-Plex. Additionally, the candidates background included accounting/cash handling skills; extensive customer service experience; and responsibilities in general clerical work, heavy telephone operation and supervising. The candidate had a proven record of working under pressure, remaining positive working as a "team" and directly interacting with the public.

In September, 2005, Defendant had an opening for the position of Desktop Support Technician, # 873.  Defendant advertised for this position by placing a posting on Department bulletin boards within the City, in a binder kept in City Hall for public review, in local newspapers, and on Defendant's website.  The following were minimum qualifications: U.S. citizen or lawfully authorized alien worker; must have a Bachelor's degree in Computer Science or a related field and work-related experience providing desktop support in Windows 2000/XP environment, or any equivalent combination of training, experience, and industry-standard certification; must have a working knowledge of MS Office Suite, including Word, Excel, Access, Powerpoint, and Outlook; must be able to perform system diagnostic desktop support including troubleshooting and hardware/ software updates; and must have a Motor Vehicle Operator's licence valid in the State of Missouri.  In addition, Defendant sought candidates who had the following desired qualifications: ability to navigate the Internet; and working knowledge of Windows 2000/XP, (Server and Workstation), TCP/IP, LAN connectivity configuration, and support issues.

Plaintiff submitted a cover letter and resume in October, 2005 in application for the Desktop Support Technician position.  In addition to Plaintiff's application, Defendant received 98 other applications for a total of 99.

Judy Price, now deceased, formerly served as an IS Support Assistant and the Desktop Support Technician would have reported directly to her. She first reviewed the applications received for the position and divided the candidates into categories of: yes, no and maybe. John Becher, Director of Information Systems for Defendant and the selection official for the Desktop Support Technician position, then conducted an independent review of the applications and also divided them into the same categories. Becher specifically looked for candidates who met the minimum qualifications listed in the posting. He also looked for keywords in the applicants' resumes, including: Active Directory, wireless communications, Windows (2000/XP), helpdesk, supporting network services such as personal computers and printers, application-specific knowledge in government, project-oriented, and Macintosh. Plaintiff's resume did not indicate that he had any experience with wireless communications or computer software applications in governmental organizations. Additionally, it did not reflect any specific Macintosh experience.

Plaintiff was not selected for an interview. Becher did not select him because his resume showed gaps in employment; his resume and cover letter contained typographical errors and showed a lack of presentation skills and technical writing ability; and Plaintiff's resume indicated that he served as vice president of Rainbow Connection from 1980 through 1998, but he later returned to Rainbow Connection

as a part-time technician.  Becher noted that rather than assuming positions of increasing responsibility, Plaintiff apparently took a position with less responsibility.  Becher was not aware of Plaintiff's race or age when he considered his application.

The successful candidate for the position was hired because she had familiarity and experience with the software and equipment used by Defendant.  She had nearly five years of experience working as a Technical Support Specialist with another local government.  Her resume showed she assumed positions of increasing responsibility and expertise and she came highly recommended from an upper-level manager in her then-current position.  Becher determined that she was the best candidate for the position because of her experience in local government, her technical skills and her presentation.

## **Discussion**

The standards for summary judgment are well settled.  In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is

entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation

omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir.2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007).

A plaintiff in an employment discrimination case may avoid summary judgment by following the *McDonnell Douglas* framework *or* by presenting direct evidence of discrimination. *Griffith v. City of Des Moines,* 387 F.3d 733, 736 (8th Cir.2004). Direct evidence in this context must be strong enough to show "a specific

link between the [alleged] discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated" the employment decision. *Thomas v. First Nat'l Bank of Wynne,* 111 F.3d 64, 66 (8th Cir.1997) (internal quotations omitted).

Direct evidence includes "evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude," where it is sufficient to support an inference that discriminatory attitude more likely than not was a motivating factor. *Radabaugh v. Zip Feed Mills, Inc.,* 997 F.2d 444, 449 (8th Cir.1993) (internal quotations omitted).

Plaintiff has presented absolutely no evidence of direct discrimination as such, his claim of discrimination[2] must be analyzed under the burden-shifting standards expressed in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). *See*

---

[2] Plaintiff claims that this action is brought based on alleged age discrimination, but fails to cite to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq*. Because Plaintiff is proceeding *pro se*, the Court will address his allegations of age discrimination as well as those raised under Title VII, *to wit*, race and gender. The standard for analyzing claims under the ADEA is the same as that under Title VII. The ADEA forbids employers from taking adverse employment actions against employees because of their age. *See* 29 U.S.C. § 623(a)(1). Because Plaintiff has not produce "strong (direct) evidence that ... discrimination motivated any alleged adverse employment action against him," he is required to "produce sufficient circumstantial evidence of illegal discrimination under the *McDonnell Douglas* paradigm." *Griffith v. City of Des Moines,* 387 F.3d 733, 736 (8th Cir.2004) (relying on *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04, (1973)).

*Arraleh v. County of Ramsey,* 461 F.3d 967, 974-75 (8th Cir.2006). This burden-shifting analysis requires a plaintiff to first present a *prima facie* case of discrimination. *McDonnell,* 411 U.S. at 802; *Arraleh,* 461 F.3d at 975. If the plaintiff succeeds in this endeavor, the burden then shifts to the defendant to rebut the *prima facie* case by articulating one or more legitimate, nondiscriminatory reasons for its employment decision. *McDonnell,* 411 U.S. at 802; *Arraleh,* 461 F.3d at 975. If the defendant presents a nondiscriminatory reason for its decision, the plaintiff then has the opportunity to demonstrate that the proffered reason is pretextual and not the true reason for the employment decision. *McDonnell,* 411 U.S. at 804; *Arraleh,* 461 F.3d at 975-976.

A plaintiff establishes a *prima facie* case in a "failure to hire" case when he proves that (1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone similarly situated from outside the protected class. *Arraleh,* 461 F.3d at 975.

Here, Plaintiff's claim unavoidably fails for two reasons. First, Plaintiff has failed to establish his *prima facie* case. It is not enough to allege, in conclusory fashion, that other similarly situated employees were treated differently. Plaintiff must show that the successful candidate was similarly situated in "all relevant

respects." *Ricks v. Riverwood Int'l Corp.,* 38 F.3d 1016, 1019 (8th Cir.1994). "The test for whether employees are similarly situated to warrant a comparison to the plaintiff is 'rigorous.'" *Cronquist v. City of Minneapolis,* 237 F.3d 920, 928 (8th Cir.2001) (quoting *Harvey v.. Anheuser-Busch, Inc.,* 38 F.3d 968, 972 (8th Cir.1994)). Here, Plaintiff has not specifically identified any similarly situated employees. Plaintiff merely asserts that it was his belief ( an insufficient basis without more) that he was not hired because of his protected classes (age, race, gender). Furthermore, with respect to the Community Service Representative position, Plaintiff was *not* similarly situated to the successful candidate because she was already employed by Defendant, and in accordance with Defendant's policies, Defendant decided to seek only internal candidates.

Even if one assumed, *arguendo,* that Plaintiff could establish his *prima facie* case, Defendant has established legitimate, nondiscriminatory reasons for its failure to hire Plaintiff. Defendant has established that there was a qualified internal candidate to fill the position and the choice to seek only internal candidates was in accordance with Defendant's hiring policies. Plaintiff nowhere refutes these reasons, and makes no effort to show they are pretextual. Indeed, from his own deposition testimony, it appears he is assuming discrimination must have occurred because he can think of no other reason why he was not hired. Such assumptions are not

sufficient. *See Mayer v. Nextel West Corp.,* 318 F.3d 803, 809 (8th Cir.2003) ("Evidence, not contentions, avoids summary judgment.").

With respect to the Desktop Support Technician Position, once again, Plaintiff cannot establish that he was qualified for the position. He admitted that he does not have experience with wireless communications, computer software applications in governmental organizations or Macintosh computers. Becher, the decision making official, determined that Plaintiff was not qualified because of the deficiencies in his cover letter and resume: typographical errors, a lack of presentation skills, and lack of technical writing ability. Furthermore, Becher was negatively impacted by Plaintiff's gaps in employment and his switch in positions at Rainbow Connection.

Likewise, based on Plaintiff's submission, Defendant has articulated a legitimate, non-discriminatory reason for not hiring Plaintiff. The same reasons for finding that Plaintiff was not qualified for the position justify Defendant's non-discriminatory reason for not hiring Plaintiff. Plaintiff did not satisfy the requirements Defendant was seeking in its candidates. Objectively, Defendant classified applicants according to their qualifications and previous experience in government type positions and computer related skills.

The burden, again shifts back to Plaintiff to establish that the reason given was in fact a pretext for the discrimination. Under the *McDonnell-Douglas*

analysis, Plaintiff must present evidence that this reason is a pretext for improper discrimination. To satisfy this burden in the context of a properly supported motion for summary judgment, the plaintiff must "identify specific facts in the record showing that the offered reason was merely pretext and that illegal [discrimination] was the true motivating factor." *Crossley v. Georgia-Pacific Corp.,* 355 F.3d 1112, 1113 (8th Cir.2004) (per curiam). "Merely disputing [the employer's] reason is insufficient[.]" *Stuart v. General Motors Corp,* 217 F.3d 612, 634 (8th Cir. 2000). Plaintiff can produce no admissible evidence to establish pretext. Plaintiff relies solely on his beliefs and assumptions that Defendants actions were motivated by race, gender and age. However, as previously noted, Becher was unaware of Plaintiff's age and/or race at the time, and as averred in his affidavit, Becher did not consider Plaintiff's age, race or sex in determining that Plaintiff was not qualified for the position.

Moreover, Plaintiff's argument that he was "more qualified" for the position than the successful candidate does not establish pretext. Plaintiff's mere <u>belief</u> that he is more qualified does not overcome Defendant's actual reason for hiring the person it did. "'Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions.... Rather, our inquiry is limited to whether the employer gave an honest explanation of its behavior." *Elrod,* 939 F.2d at 1470

(internal quotation omitted); *see also Clay v. Hyatt Regency Hotel,* 724 F.2d 721, 725 (8th Cir.1984) ("While an employer's judgment may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was pretext for illegal discrimination."). *Harvey v. Anheuser-Busch, Inc*. 38 F.3d 968, 973 (8th Cir. 1994).

## Attorneys' Fees

Defendant requests attorneys' fees as the prevailing party. As Defendant correctly observes, awarding attorneys' fees is within the discretion of the Court. Plaintiff has prosecuted his claims diligently and, although the record does not support Plaintiff's position, Plaintiff appears to be sincere in his beliefs and convictions. Furthermore, in light of Plaintiff's *in forma pauperis* status, the Court concludes that a fee award is not warranted. The Court does, however, admonish Plaintiff that discretionary fees **are** possible and Plaintiff should be mindful of this possibility in light of the fact that Plaintiff has filed several similar lawsuits in this district.

## Conclusion

Plaintiff has failed to satisfy his burden under the *McDonnell-Douglas* paradigm requiring that he establish a genuine issue of material fact regarding whether the articulated reason given for the decision not to hire him was a pretext for

discrimination. As such, Defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 27], is granted.

**IT IS FURTHER ORDERED** that Defendant's request for attorneys' fees is denied.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 1st day of August, 2007

_____
    HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE